**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:23-cr-00041-KDB-DCK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| vs. | )     **O R D E R** |
| | ) |
| | ) |
| MICHAEL LAMAR GAINES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's filing [Doc. 48], which the Court construes as a motion for additional time to respond to the Court's <u>Castro</u> Order [Doc. 39].

On February 22, 2024, Defendant pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). [Doc. 1: Bill of Indictment; Doc. 17: Plea Agreement; Doc. 19: Acceptance and Entry of Plea Agreement]. On August 28, 2024, he was sentenced to a term of imprisonment of 180 months on Count One and a concurrent term of imprisonment of 240 months on Count Two. [Doc. 29 at 2]. The Court entered the Judgment the same day. [<u>Id.</u> at 1]. On September 5, 2024, Defendant purported to move for relief from his criminal judgment under Federal Rule of Civil Procedure 60 based on alleged ineffective assistance of counsel relative to his plea agreement. [Doc. 37]. For relief, Plaintiff sought a "new plea" and the "opportunity to properly approach the plea [with] an attorney in which there will be merit & integrity." [<u>Id.</u> at 3]. Because it appeared that Defendant sought to challenge the legality of his conviction or sentence under 28 U.S.C. § 2255, the Court notified Defendant, pursuant to <u>Castro v. United States</u>, 540 U.S. 375 (2003), that it intended to

recharacterize the motion as a motion pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(a) (stating that federal prisoner may seek to vacate sentence "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, … or is otherwise subject to collateral attack").  In so doing, however, the Court failed to appreciate that Defendant had filed a notice of appeal in this matter two days after his criminal judgment was entered.[1]  [Doc. 31].

Because Defendant has directly appealed his conviction and sentence, and his appeal remains pending, a Section 2255 motion attacking the same conviction and sentence that is the subject of a pending, direct appeal is premature.  See United States v. Gardner, 132 F.App'x. 467, 468 (4th Cir. 2005).  As such, the Court will vacate its Castro Order, deny Defendant's pending purported Rule 60 motion without prejudice, and deny Defendant's motion for extension of time as moot. Defendant may file a Section 2255 motion to vacate, if at all, once his appeal has been decided.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion of Relief from the Judgement" [Doc. 37] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**, the Court's Castro Order [Doc. 39] is hereby **VACATED**, and Defendant's Motion for Extension of Time [Doc. 48] is **DENIED** as moot.

The Clerk is respectfully instructed to close the related civil case in this matter.

Signed: October 11, 2024

**IT IS SO ORDERED**.

Kenneth D. Bell
United States District Judge

---

[1] Defendant has since filed a second notice of appeal from the same judgment.  [Doc. 40].

2